IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| ARTHUR D. NEWTON and RENEE M. NEWTON, DEBTORS | : | BANKRUPTCY NO.: 5-05-bk-52728 |
| ARTHUR D. NEWTON and RENEE M. NEWTON, PLAINTIFFS vs. | : | {**Nature of Proceeding**: Defendants' Motion to Dismiss (Doc. #5)} |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE DEFENDANTS | : | **ADVERSARY NO.: 5-06-ap-50130** |

# OPINION[1]

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Bankruptcy Procedure 7012, which incorporates by reference Federal Rule of Civil Procedure 12(b)(1) & (6). Defendants seek to dismiss on two grounds: first, arguing a Chapter 13 debtor lacks standing to pursue 11 U.S.C. § 547 preference actions, and second, arguing the lien recorded one month prior to the filing was a statutory lien and therefore not eligible for avoidance under § 547(c). Motions to dismiss pursuant to 12(b)(1) & (6) require all facts alleged in the complaint be taken as true and all reasonable inferences drawn in favor of the plaintiff. *Czarnick v. Illumina, Inc.* 437 F.Supp.2d. 252, 256 (D.Del. 2006) quoting *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884,

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

[m:\users\cathy\opinions\5-06-ap-50130_Newton.wpd]

891 (3d. Cir 1977).

**Chapter 13 Debtors Have Standing to Pursue Avoidance Actions Under 11 U.S.C. § 522(h)**

The IRS contends Chapter 13 debtors lack standing to pursue preference actions, and the sole party vested with standing under § 547 is the Trustee. Plaintiffs counter that so long as the debtor is using the avoidance action to protect an exemption, they have standing. The Court has held previously that 11 U.S.C. § 522(h) affords a debtor standing to pursue actions under § 547 if the lien sought to be avoided impairs the debtor's exemptions. *In re Andrews*, 262 B.R. 299 (Bankr. M.D. Pa. 2001). Debtors assert they have sufficient exemption remaining to cover the equity in their house. Giving the debtor the benefit of all inferences in the context of a motion to dismiss, this Court presumes for purposes of the instant motion that the tax lien is impairing the Debtors' exemptions. Therefore, Debtors have standing to pursue this preference action under the authority of §§ 522(h) and 547, except as hereinafter indicated.

**The Tax Lien is Statutory and May Not be Avoided Under 11 U.S.C. § 547**

The lien at issue was a federal tax lien filed a month before the bankruptcy, pursuant to the authority of 26 U.S.C. § 6321[2], for failure to pay taxes. No judicial action

---

[2] If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be in a lien in favor of the United Stats upon all property and rights to property, whether real or personal, belonging to such person. 26 U.S.C. § 6321.

was required prior to recording this lien. See 26 U.S.C. § 6322[3]. Therefore, the Court finds this lien falls within the gambit of a "statutory lien" as defined by 11 U.S.C. § 101(53) as follows:

> lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

11 U.S.C. § 101(53)

Having found this to be a statutory lien, the Court next must determine whether a statutory lien can be avoided under 11 U.S.C. § 547. Section 547(c)(6) excludes from avoidable transfers, "the fixing of a statutory lien that is not avoidable under section 545[4] of this title." 11 U.S.C. § 547(c)(6), see also *In re Wilkes,* 173 B.R. 92, 92 (Bankr. M.D.Pa. 1994)(holding IRS tax liens arising under § 6321 of the Internal Revenue Code

---

[3] "Unless another date is specifically fixed by law, the lien imposed by Section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgement against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322.

[4] The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien--
(1) first becomes effective against the debtor--(A) when a case under this title concerning the debtor is commenced; (B) when an insolvency proceeding other than under this title concerning the debtor is commenced; (C) when a custodian is appointed or authorized to take or takes possession; (D) when the debtor becomes insolvent; (E) when the debtor's financial condition fails to meet a specified standard; or (F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;
(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists, except in any case in which a purchaser is a purchaser described in section 6323 of the Internal Revenue Code of 1986, or any similar provision of State or local law;
(3) is for rent; or
(4) is a lien of distress for rent. 11 U.S.C. § 545.

are statutory liens not avoidable under 547(b)); *In re Lionel Corp.,* 29 F.3d 88, 93-94 (2nd Cir. 1994). The instant lien is a statutory lien and is not avoidable under 11 U.S.C. § 545. Therefore, the instant IRS lien cannot be avoided under § 547.

There is another reason why the Debtors cannot prevail. 11 U.S.C. § 522(c)(2)(B) specifically indicates that exempt property is liable for tax liens. A review of § 522(c)(2)(A) makes fairly clear that exempt property is liable for nontax liens unless they are avoided under specific provisions of the bankruptcy code. No such qualification attaches to *tax* liens under § 522(c)(2)(B) suggesting that Congress deliberately eliminated the application of § 522(h) to circumstances present here. *DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248 (9th Cir.1995); *Straight v. First Interstate Bank of Commerce, et al. (In re Straight)*, 207 B.R. 217, 228 (10th Cir. BAP 1997).

For these reasons, Defendants' Motion to Dismiss for failure to state a claim is granted.

An Order will follow.

Date: October 6, 2006

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*